UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON MOCKBEE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-00765-TAB-JPH ) |
| WARDEN, | ) ) |
| Respondent. | ) ) |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
### AND DIRECTING ENTRY OF FINAL JUDGMENT

Brandon Mockbee petitioned for a writ of habeas corpus challenging a prison disciplinary proceeding identified as number BTC 20-01-0384. In that proceeding, Mr. Mockbee was found guilty of interfering with staff, a B-252 violation. His sanctions included the loss of earned credit time. For the reasons explained in this Order, Mr. Mockbee's petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570−71 (1974).

### B. The Disciplinary Proceeding

On February 3, 2020, Officer J. Dickenson issued a conduct report charging Mr. Mockbee with a violation of Indiana Department of Correction Adult Disciplinary Code B-252 interfering with staff:

> On 1/28/2020 at approximately 3:41 PM Offender # 262691 Mockbee, Brandon called the BCF Tip Line from RHU. Offender Mockbee left an approximately 7:25 message in total; On 01-31-2020 it was discovered after Offender Mockbee's 1/28/2020 54 second message on the BCF Tip Line, he then used the phone system to access Warden Alvey's phone leaving her a[ ] 2:10 message on her voice-mail via an unauthorized use of telephones. This is a clear violation of IDOC's Adult Disciplinary Process, a Class B, Code 252, Interfering with Staff – which is by definition, "Interfering with a staff member in the performance of his/her duties."

Dkt. 14-1 at 1. The conduct report was supported by a summary of the phone call, in which Mr. Mockbee stated he was trying to report a sexual incident and should be transferred to a hospital for a PREA evaluation.[1] *Id.* at 2. He said no investigation or evaluation had been done, and he wanted to personally speak with Warden Alvey. *Id.*

Mr. Mockbee was notified of the charge on February 6, 2020, when he received a notice of disciplinary hearing (screening report). Dkt. 14-5. He refused screening and therefore did not request any witness or physical evidence. *Id.* A not guilty plea was entered on his behalf, and a lay advocate was assigned to assist him. *Id.*; dkt. 14-6.

After several postponements, dkt. 14-7, the disciplinary hearing was held on March 2, dkt. 14-8. Mr. Mockbee made the following statement:

> My HIPPA rights were violated. The postponements from 2/19/20 was not done with offender. Conduct report fails to mention any number dialed or where the call was made from and how it was determined offender made the call. The conduct reports were stacked and there is no policy and procedure on the tip line or what you can discuss on a tip line. Offender was not guaranteed under IC code 11-11-5-5 the right to call witness's and produce exculpatory evidence that would have provided relief. Offender was not afforded the right to a fair process and was not able to review the actual phone conversations as he requested to be placed into

---

[1] "PREA" stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq.

> evidence. He was not afforded the policy and procedure and was denied to be heard on 2/19.
>
> The offender has requested that the actual telephone calls, telephone number and the actual message be reviewed. Also the telephone calls were allegedly made from and the video evidence that would have provided inmate Mockbee using phone. Offender has been denied a proper screening process. The offender has been retaliated against for filing a PREA claim.

Dkt. 14-8 (errors in original).

The disciplinary hearing officer (DHO) considered staff reports and the phone call and found Mr. Mockbee guilty, writing, "The conduct report and phone call are sufficient for finding of guilty. He called the warden's phone and left a message." *Id.* His sanctions included deprivation of 90 days of earned credit time. *Id.*

Mr. Mockbee's administrative appeals were unsuccessful. Dkts. 14-9; 14-10. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Mockbee raises the following three grounds in his petition: (1) this report was "stacked" with two other conduct reports, which is vindictive and biased; (2) the evidence was insufficient; and (3) there was a *Brady* violation because the facility provided him only a summary of the phone call rather than audio of the call, there was no video evidence to show he made the call, and there was no chain of custody.

#### 1. Stacking of the Charges

Mr. Mockbee's first claim is that prison officials inappropriately "stacked" this conduct report with two other conduct reports that were also based on phone calls Mr. Mockbee made to the warden's direct phone line.[2]

---

[2] The other disciplinary charges are being challenged in two other habeas corpus petitions filed in case number 1:21-cv-764-JRS-DML and case number 1:21-cv-768-MPB-JMS.

To the extent Mr. Mockbee asserts a double jeopardy violation, he cannot obtain habeas relief by arguing that the two charges against him were duplicative or redundant. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense, "[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)). Thus, whether the multiple proceedings were duplicative or redundant is of no concern in this habeas action. The Court notes, however, that Mr. Mockbee's conduct reports reflect separate charges based on separate phone calls.

Mr. Mockbee also alleged that "stacking" the conduct reports evinced a biased or vindictive motive. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. However, hearing officers are "entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003*); see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the "constitutional standard for impermissible bias is high[.]" *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Mr. Mockbee has presented no evidence of bias here. Rather, he disagrees with the prison's decision to discipline him for each of the phone calls.

Finally, to the extent that Mr. Mockbee alleges that the conduct reports were made in retaliation for his attempt to report a sexual assault, no habeas relief is available. "Prisoners have

a right to be free from retaliation by prison officials, but . . . the procedural requirements of *Wolff* adequately protect prisoners from fraudulent charges." *Wilson v. McBride*, 93 F. App'x 994, 996 (7th Cir. 2004) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987)). Mr. Mockbee has not established a due process violation, so "his retaliation claim also fails." *Id.*

Accordingly, Mr. Mockbee is not entitled to habeas relief on his "stacking" claim.

## 2. Sufficiency of the Evidence

Next, Mr. Mockbee alleges there was insufficient evidence to show he was interfering with staff duties because (1) the only number he had access to was the tip line, and (2) because inmates are supposed to report sexual assault to prison staff and Warden Alvey is prison staff, he could not have interfered with her duties by calling her to make a PREA report.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455−56.

There is some evidence in the record to support the hearing officer's decision. The phone call audio, admitted into evidence as an ex parte exhibit, shows that Mr. Mockbee first called the

PREA tip line, left a message there, and then connected to Warden Alvey's direct line where he left a voicemail. Ex. G.

Mr. Mockbee's argument that he did not interfere with Warden Alvey's duties because receiving a PREA report is one of her duties indicates that he disagrees with the IDOC's interpretation of its disciplinary code. But this Court does not second-guess state prison officials' interpretation of state law, including the prison disciplinary code. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) (reversing district court's grant of habeas relief because it was based on an improper rejection of the state's interpretation of the disciplinary code).

There was evidence that Mr. Mockbee left an unauthorized voicemail on Warden Alvey's direct line and that doing so interfered with her duties. Thus, his second ground for relief fails.

### 3. *Brady* Claim

Finally, Mr. Mockbee alleges that prison authorities violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to allow him to review the audio of the phone calls and instead providing only a summary. He also says the officer did not produce video evidence (presumably to show Mr. Mockbee made the call), the phone number, or evidence of how he accessed Warden Alvey's direct line.

Prison officials are required to disclose material exculpatory evidence to the accused. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt. *Id.* None of the evidence that Mr. Mockbee seeks is exculpatory. How he accessed the warden's direct line is irrelevant. He acknowledged in his petition and his administrative appeal that he was the caller. The Court has reviewed the phone calls, and the summary report was accurate.

Because prison officials did not violate Mr. Mockbee's due process rights by not permitting him to review the calls or procuring other evidence, he is not entitled to relief.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mockbee to the relief he seeks. Accordingly, his petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/3/2022

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via ECF
and to the following via U.S. Mail:

BRANDON MOCKBEE
262691
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362